UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLO ANTONIO DEL CONTE,
   Plaintiff,

  v.

THE STATE OF CALIFORNIA, et al.,
   Defendants.

Case No. 15-cv-04077-WHO (PR)

**ORDER EXTENDING TIME**

  Plaintiff Del Conte failed to file an amended complaint by the deadline. The Court on its own motion extends the deadline to February 25, 2016. It is highly unlikely that any other extensions of time will be granted.

  In the original complaint, plaintiff raised claims against his jailors at the Elmwood Correctional Facility, San Quentin State Prison, the California Institute for Men ("CIM"), and the California Correctional Institution ("CCI"). The Court dismissed the Elmwood claims without prejudice to Del Conte filing them in a prior action (14-5334). The CIM and CCI claims were dismissed (also without prejudice) because the events giving rise to those claims occurred outside the Northern District.[1] The remaining claims are those against his jailors at San Quentin.

---

[1] The Court also dismissed the claims raised by Del Conte's mother, Silvia Perez.

Del Conte believes that the Court's dismissal of the Elmwood, CIM, and CCI claims prevents him from presenting all the necessary facts. (Docket No. 8.) That is not my intent. Del Conte may tell the full narrative of events, even if that narrative includes his description of events that occurred outside this federal district. Recitation of the underlying facts in his amended complaint is appropriate. The reason for the dismissal of non-San Quentin claims is that Del Conte may not pursue in this district any claims for relief regarding events that occurred outside the Northern District. As for the San Quentin claims, my prior Order states that Del Conte needs to allege the material facts that plausibly state a claim (or claims) against his current jailors at San Quentin and to sign the amended complaint himself.

Plaintiff is reminded of the following. The first amended complaint must include the caption and civil case number used in this order (15-4077 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Del Conte must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is Del Conte's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** January 7, 2016



WILLIAM H. ORRICK
United States District Judge